Pearson, J.
 

 “ Not satisfied,” is an insufficient return to a writ of
 
 fieri
 
 facias,, for the reason, that it does not set forth the ground upon which the officer has faile4 to make the money. But it may, nevertheless, be a false return : for instance, suppose the officer has made-the full amount required by the execution, and return it “ not satisfied,” such a return is clearly false: it may be, if he has made only a part of the amount, and without any reference to the part received, returns it “ not satisfied,” it would not be a false return, because, taking it literally, the execution is not satisfied, and the return may have referred to that part merely ;■ but where, as in our case, the return is made in reference to the part received, and sets forth a payment in January,, and another in March, suppressing the fact of the other payment in February, then “ not satisfied,” is used in the sense of not satisfied as to the residue, and is necessarily false in- resjaect to the payment suppressed ; for, in that case, the return cannot be taken as having referred to the fact,, that it is not literally" satisfied.
 

 The objection, that it is not set out, either in the- writ or the declaration, that the plaintiff sued as well for the use of the party aggrieved, as for himself, is not well taken. The statute confers upon the informer the right to sue. It imposes a penalty of $500, “ one moiety thereof to the party aggrieved, and the other, to him that will sue for the same,” consequently, lie is the only party plaintiff; and there can be no more necessity for setting out the persons for whose use the action is brought, than there is where a bond is sold without endorsement; in which case the action must be in the name of the obligee, and the addition, that it is brought for the use of the purchaser, has no legal effect, and he is not noticed as a party of record, such addition being treated merely as a memorandum, showing to whom the money may be paid; which purpose is answered in this case, by the averment in the declaration that
 
 *349
 
 the debt is due by force of the statute, whereby it appears that the party aggrieved is entitled to one moiety. The rule of proceeding is so stated by Chitty, 1 vol. 128 :
 
 “
 
 Where a penal statute gives the whole, or a part of a penalty, to a common informer, and enables him to sue generally for the same, debt is sustainable, and he need not declare
 
 qui tarn,
 
 unless where a penalty is given for a contempt.”
 

 Harrington
 
 v.
 
 McFarland,
 
 Conf. Rep. 408, which was cited in the argument, proves too much : for the declaration makes the State a
 
 co-plaintiff
 
 with the informer: whereas, although the action was brought for the use of the State as well as himself, he had no right to join the State as a plaintiff, but was required to sue in his own name, so as to be alone responsible for the costs of the action, as plaintiff of record. But we consider the authority of Chitty, and the cases cited by him, conclusive.
 

 The judgment must be reversed, anda judgment for the plaintiff upon the verdict.
 

 Pee Cueiaji, Judgment reversed.